Mr. Dingwall. Morning Your Honor. May it please the court. I won't take offense to the students but they're gonna miss out on something good I'm sure. I would like to reserve five minutes for rebuttal and it's nice to be back with you. You know all of the briefing and all of the arguments about what words mean what and what legal principles apply. It's easy to forget that this all started seven years ago with a pretty simple man and Mr. Blackerby trying to do a pretty or what seemed like a pretty simple thing at the time which is report a very minor injury to his employer as he was required to do. And in being with Ed this whole time I can say that if he knew at that time that he'd still be fighting this seven years later he probably would have never reported the injury in the first place. And that's an issue and a real problem because the FRSA was put into place for exactly this reason so employees like Ed could report their injuries without fear of discipline and certainly without fear of almost a decade of litigation. Can I ask a sort of a preliminary question here? I went back and I read the closing arguments because I wanted to see how this jury instruction was argued to the jury. And one of the things though that I noted in the closing argument was and and I've been on this case before but I guess I didn't appreciate this. Is that according to your to the railroads attorney at closing eventually this discipline was expunged by the appeal process. Is that right? Yes, informally I guess the company decided to remove it. Well according to them they go up you go through the appeal and it ends up in front of a Mr. Zahn Ruther. I'm not sure how you pronounce that. Correct. And he considers the case and it says here that he then decides not to currently has no record of any discipline having been imposed. Is that correct? The discipline that is true that that happened and that and there was testimony at trial that the discipline was removed was removed. However it was removed after Mr. Blackerby had served the entirety of the discipline and in fact it was even after the initial case had been filed. So there's certainly a dispute as to whether BNSF was doing it of its own volition or because they didn't think Mr. Blackerby had done anything wrong or whether it was in reaction to a case being filed. Okay so so your answer to the question I presume that is there still a controversy is that sort of like our last case they they took the action after after cases filed. You might argue in response they might argue we just were doing the right thing but but that was there was discipline was still on the record when the case was filed? Yes and Mr. Blackerby had served the entirety of the discipline that he had been assessed. Now this case and is primarily about two jury instructions. I think it's probably clear from our briefing that we don't agree with the Kodak case but I think that this case can certainly be resolved and can be reversed and remanded without disturbing that case. The district court gave instruction number 17 which was sort of a combination business judgment rule honest belief instruction and the issue with that instruction well one of the issues with that instruction was that it didn't instruct the jury to actually apply the facts to the law. It essentially allowed the jury to decide the case without any reference to the plaintiff's prima facie case or to the Railroad's statutory affirmative defense. Essentially it instructed the jury that they were to consider nothing else or they could have completely absolved the defense if they decided that the defense believed that Mr. Blackerby had violated this law or this this internal rule. So it basically the jury was only required to hold BNSF to its own self-imposed standards. Now as the as the Ninth Circuit pointed out in the Frost case in an almost identical situation instructing the jury in this manner deprived Blackerby of a remedy he may have been entitled to under the law because it permitted the jury to quote skirt the actual issue and focus on whether he violated this rule as opposed to whether his protected act actually tended to affect in any way the decision to discipline him. And that comes from Frost 914 F3 at 1197. And so the Ninth Circuit in that case addressed this Armstrong case which came from the Seventh Circuit in which the district court relied on in giving this instruction and they said look that doesn't apply here because the Seventh Circuit applied that instruction to whether the plaintiff actually engaged in protected act and the Ninth Circuit said that's not an issue in this case and that wasn't an issue in our case either. It's been decided as a matter of law that Mr. Blackerby engaged in protected activity a long time ago. So the Frost court said look that instruction was erroneously given here. Now there's another problem with the instruction in that it seemed to impose an additional burden on the plaintiff and we know the FRSA it's well settled everybody agrees that there's four prima facie elements that a plaintiff must prove. You've got adverse action, I'm sorry, you've got protected act, knowledge, adverse action, and contributing factor. But the way this instruction number 17 starts out it states quote in plaintiff's claim or in deciding plaintiff's claim and so it seems to impose this burden of proof on the plaintiff but there's no explanation within that instruction as to how that would fit into the statutory scheme and it can't because we know that there's only four prima facie elements that a plaintiff must prove. And it also creates this additional issue where the plaintiff would essentially have to prove a negative that BNSF did not have this belief. So this instruction is not an accurate statement of the law under the FRSA but it gets even more confusing because the instruction also tells the jury that they cannot, cannot find BNSF liable if they find that BNSF had this honest belief that Mr. Blackerby violated this rule. So in that context it seems that the instruction is imposing a burden on BNSF to prove this defense but again there's nothing within that instruction that would would tell the jury of that and again it's an inaccurate statement of the law because we know there's only one statutory defense available to BNSF under the law which is that they would have taken the same action in the absence of the protected activity and then that must be proven by clear and convincing evidence. What's your response to the, let's assume for purposes our argument that you're right, that instruction number 17 is not an accurate statement of the law. But the district court as I understand it basically said well even if even if you're right if you read the instructions as a whole they they convey the correct message to the jury and it gives them an opportunity to argue to the jury and close an argument exactly what is required to be proven here. There's two things to say about that. Number one I don't think there was any guidance for us to argue this to the jury in closing because again there was no guidance from the court in what the burden of proof was as to instruction number 17 who who was supposed to prove whether BNSF had this honest belief or not and then what was the burden of proof because plainest prima facie case is by a preponderance of the evidence and then the burden shifts to the defense to prove by clear and convincing evidence their statutory defense and so that was not in the instruction at all and so there was really no way to instruct or direct the jury on how to consider this in their deliberations. Well 18 sets out the affirmative defense says that the railroad has to prove by clear and convincing evidence that we've taken the same action. 16 and 16 is your burden correct? Correct. And what's your problem with 16? Well with 16 the language there's several things and I also want to come back to because there's 17 in between 16 and 18 which I think creates another issue but to answer your question your honor the issue with 16 is that it's not an accurate statement of the law under this court's precedent the way it's worded and and well if we go back to what this course has stated in the past what this court has stated in the past under Kodak and under Haim and even under our case that was previously up on appeal this court has stated the plaintiff must demonstrate that BNSF's discipline was at least in part intentional retaliation prompted by his injury report and that comes from Haim 849 F 3rd at 727 citing to Kodak in the Ninth Circuit Coppinger Martin case. What the what the court instructed here is that the jury was first to decide intentional retaliation and the way instruction number 16 is worded it leads the jury to believe that they're first to determine really whether there was an adverse action taken because it instructs the jury that you have to first decide whether there was intentional retaliation and adverse action again has been decided as a matter of law in this case for a long time and so that was never an issue but the way this instruction was worded and really the sequencing of the wording is important and these instructions particularly given this court's guidance so our our argument is that the instruction number 16 misled the jury and led them to really conflate multiple philosophies it also injected a paragraph about the Railroad's affirmative defense into the instruction on contributing factor but again without any explanation to the jury about how those two factors interplayed so there was no instruction to tell the jury hey you first have to decide whether there was a contributing factor and if you decide that then you then you move to the Railroad statutory defense and by the way that's a heightened burden that they have to prove instead they it all kind of mushed it into one instruction in 16 with this cross-reference to 18 but in the meantime there was instruction number 17 which is this business judgment rule honest belief instruction that gave BNSF an absolute defense if the jury simply found that they believed mr. black could be violated this rule so the jury never actually had to get to the statutory defense they had this instruction number 17 in between plaintiff's prima facie case and their defense that said hey you don't even have to think about the law you just have to decide whether BNSF followed their own rules and I think when you so and that just goes back to taking these these instructions in sequence so even if the court you know I would disagree with the court that the instructions as a whole provided an accurate picture to the to the jury because 16 17 and 18 really just ripped the statutory scheme out of the law completely there's no explanation of whose burden is what how the burden shifting works what's to be decided first and and next and then again there's this business judgment and an honest belief instruction that we we obviously disagree with and I think the prejudice of these instructions is clear it's mr. Blacker B's case is pretty unique in that he wasn't disciplined for some unrelated rule of violation like we had maybe an Armstrong in the Seventh Circuit or and frost in the Ninth Circuit or even some of the other cases that this court has heard the rule that mr. Blacker B was accused of violating only comes into play when there's been a protected act when there's been an injury report and so for the jury not to be directed to specifically consider those facts and apply it those facts to the law which they weren't required to do on on this instruction number 17 was a great prejudice that to mr. Blacker B and it also raises the issue of 16 17 and 18 all provided a quote-unquote out to the defense and every one of those instructions stated that there was a reason why on different legal bases the jury did not have to find for the it made it seem like the plaintiff's burden was much higher than it is and I think just in closing unless there's other questions I think it's important to circle back to why this court reversed and remanded the first time and that was based on the contributing factor instruction which except for one sentence the court took issue with the rest of the instruction was a perfect recitation of the law and that one sentence which told the jury that they retaliatory animus was what the court took issue with and I understand why in light of Kodak but it still instructed the jury that they could consider such evidence but just on that one sentence alone the court felt that it needed to reverse and remand here I think we have a much greater issue we've got three instructions or at least two that are complete misstatements of the law and when you take the three together they greatly prejudiced the case and I think are more than sufficient to have this court reverse and remand I'll reserve my rest the rest of my time thank you thank you Mr. Waldo good morning your honors I'm Brian Neal for excuse me Mr. Neal for BNSF railway understand your honor hmm let me start with a preparatory comment here I I reread last night judge booze opinion on the plaintiffs motion for judgment as a matter of law and motion for new trial it's the last item in the plaintiffs addendum to their brief and I'm sure you've looked at it but I would encourage you to to take another look at it after the argument today it really goes through and addresses every one of the points that is being that are being raised on appeal and in my view certainly addresses them soundly let me start with the honest belief rule instruction number 17 first and foremost it's not a misstatement of law because this court has said multiple times in discrimination actions and in FRSA actions specifically that that rule applies now it's important to understand it's not a defense as as is being portrayed on the other side it's a guiding instruction and it's really just the flip side of the retaliation instruction so number 16 the retaliation instruction tells the jury if you find retaliation do in whole or in part so in any way which is you know which is important to the to the plaintiffs in these cases if you find retaliation then you're going to find for for the plaintiff 17 is just the flip side of it it's saying look the employer is saying that it acted on this belief that that there was a rule violation so if you find that's why the employer acted then you're going to rule for for the employer that but that's not what the instruction says I think that's the problem if maybe if that's what the instruction said you there wouldn't be a problem I think clearly the first sentence of 17 is in my mind is an accurate statement of the business judgment rule but the second one says it cannot be the railroad cannot be held liable if you find that they had an honest belief that there was a rule violation so all they have to do is prove there's a rule violation or that they believe there was a rule violation that has says nothing about the retaliation they said that's the absolute defense if you believe there's a rule violation and that's not the law I very strongly disagree your honor and the reason is and this is something that's lost on the other side is that it doesn't just say if BNSF had an honest belief it says if BNSF disciplined plaintiff based on that honest belief no that it says it cannot be held liable to plaintiff based on its honestly held belief that they engaged in a rules violation no it's if you conclude that BNSF railway disciplined plaintiff based on its honestly held belief so that's why it acted it acted based on that belief rather than based on retaliation the employer wins it's no different than if you had a any kind of a discrimination case and the employer said we fired this plaintiff for stealing and so you go and you tell the jury in this discrimination case here's how you find discrimination on the other hand the employer here argues that it fired the plaintiff for stealing if you find that's why the employer fired the plaintiff then you're going to give a verdict for the employer so it's that that based on makes all the difference it's not just having and this is where the frost case cut out a line I think one of the places it's not just having the honest belief it's that that's why the employer acted that makes all the difference here but if there's more than one contributing factor to the adverse action I think that's the problem with the instruction 17 because if an employer has an honestly held belief as to one contributing factor but there's evidence of retaliation as to another contributing factor you've got a in closing based on the language in 16 the do and whole or in part language but that question gets to the issue of whether that instruction should have said solely based on or only based on and and we and we actually proposed it that way and we would certainly acknowledge that would be the the platinum standard for the rule but based on an ordinary parlance which is how we're supposed to think of juries and interpreting these instructions that's how they're going to to understand that they're going to you know if you if you tell a juror or if a juror says I was fired for I was fired based on my employers attendance policy I was fired based on something else they're gonna understand that as not well was there some other reason and you were really fired only a part for for the attendance policy and the rest of it was retaliation and and I'll give you another example I saw in the headline this morning on the news and I don't mean to it'll make light of the tragedy that led to this but the headline that said Denver schools closed after threats well we all know that technically something happening after another thing doesn't mean it was caused by but the normal juror you know as opposed to a linguist or a lawyer breaking this down is going to understand the schools are closed because of these threats and it's the same thing with this based on if you tell the jury you know BNSF's reason is this if you decide that's why they acted so if you decide they acted based on that reason then then they've necessarily haven't acted based on retaliation and that's where the Armstrong case comes in it makes the point that I'm making that this is just the flip side of the retaliation instruction it's another way of saying the Armstrong court said it's simply another way of saying that BNSF could not be liable if it was not motivated by retaliation and the important point in that the that what came after the phrase based on had to do with the plaintiffs protected activity it was that the employer had acted based on something other than retaliation and so that's all this is it's it's just telling you you told the jury if you're acting based on or acting in any way on retaliation and we're clear to get that into 16 but on the other hand if you find the employer has acted based on it's what it says whether it's an honest belief or whether it's an attendance policy or anything else you're going to give judgment to the to the employer how do you how does that fit in with the with the pretextual argument let's say you have in a in a classic discrimination case you say I'm I'm in a protected class African-American I've been fired for coming in late five times and there's no question there were late five times and there's an honest belief that there were late five times but then you say well yes but the white employees were late 20 times you didn't take any discipline against them that's I mean that's what's really happening here is how do you he says nothing about the pretextual nature of that of that excuse two things about that if if the if the evidence is presented of that sort of disparate discipline then that's going to call into question whether that's that policy or that being being late is really why that employer acted so the plaintiff is certainly free to make that type of an argument there wasn't any just disparate discipline evidence in this case and then secondly when we and I wanted to make this point to about the the based on when you know we initially proposed this instruction judge boo looked at it he came back with one that copied the Armstrong case we had a discussion about it and it was changed up at the end of it but at no point did the plaintiffs ever say wait a minute if you're going to give that instruction you need to put the word only or solely in there because otherwise the jury might think that if the employer acted only on only in part on that reason the employer gets off so we'd have a you know this isn't just a technical waiver it's a serious waiver and that's why this rule is there because all I had to do was say wait a minute judge we disagree with you given that instruction but if you're going to give it you've at least got to put solely or only there and you don't object to the instruction well they objected that the instruction had objected to the honest believer all concept having any role they objected to the second sentence saying it was a misstatement they said that but can I just come in and say as to any instruction I'm gonna go ahead and object for the record that each instruction is a misstatement of a law and then after the judge gives it I go back and I fly speck it and I come up with ten different arguments why I think it's a why why I think it's wrong I mean the point of these objections is not to check something off the list it's to let the district judge get it right and it would not be appropriate to send this case back because judge boo left out a word when nobody told him judge if you just put that word in that would take care of one of my problems now well what's wrong with just saying that whole sentence should be eliminated because that's what they said well that whole sentence is the honest belief rule so it's the sentence is wrong the second sentence not the first yeah well if the second sentence is wrong why what's wrong with just saying as they did it should be taken out yeah if you find you can't be more specific than that yeah if you find that well I've broken this down the first sentence is the business judgment rule and we can talk about that but I gather there's much issue with that the second sentence is what's referred to as the honest belief rule or the good faith belief doctrine that comes up in numerous employment discrimination cases and this court has specifically applied it in four FRSA cases and so the the legal concept applies and so the objection that the and the Department of Labor case that we cite in our brief so so giving an an honest belief rule instruction is perfectly acceptable the problems that are being raised have to do with the specific wording of it and the wording would be if it said solely based on then that would take care of part of the problem that they've they've complained about but again they never you're you if you say you know the honest belief rule has no place whatsoever in the FRSA then their objection would be would be specific enough because that's what they objected to but you can't say that because it's been applied by four decisions of this court so you have to then say once we're going to give that instruction is there something wrong with the language here and there there was no objection made now I was this was a long answer to your question about pretext when there was no and although there was no objection made to that to the missing word of only or solely that is really what they're they're arguing about now they did say well judge if you're gonna give that instruction give us a pretext instruction and that's how that pretext instruction ended up in 16 the judge put that put that language in there specifically because the plaintiff said in the charge conference we want to be able to argue that's not really why BNSF act they didn't really act based on their their honest belief and so the judge gave them that language and that's the part that starts with you may find in the in the second paragraph well third paragraph of 16 so just I'll make one more comment about the instruction itself and and I would encourage the approach that the Armstrong court took which didn't by the way raise any problem with the phrase based on and the Armstrong court explained when you when you tell a jury if the employer acted based on something else you're necessarily contrasting that with the plaintiff's theory of retaliation and here we've got even more because we don't look at these instructions one by one and focus in on that that one line we do look at them as a whole and 16 clearly said do in whole or in part to his protected activity so the plaintiff has the ability and did argue that if the if BNSF acted do in any way to retaliation that that the plaintiff would prevail now I'll make a comment about the issue of whether the instructions were confusing and the you know we've set out that the the way the verdict director was done as is how we understood this court to instruct that it be done but I want to point the court to to instruction 19 instruction 19 and I will say I think this comes through in 16 17 18 but even if it didn't instruction 19 very clearly tells the jury that instruction 16 and 17 are part of the part of plaintiff Edward BlackRuby's claim that that goes to the element of his claim and then it says that instruction 18 is the defense that goes that's BNSF's and then instruction 18 itself has the clear and convincing evidence so when you put all of that together you've got do in whole or in part find retaliation on the flip side if you find the railroad acted based on this honest belief fine for the defense and then you have 19 that sums it all up by reminding the jury who has the burden to show what and let me point out to on the on instruction 17 the you know my example was a different reason other than an honest belief goal is the employers legitimate non-discriminatory reason and I gather from some of the their position is that the honest belief rule is not a defense because the reason the employer acted is not a defense and that used to be the way that the administrative review board interpreted these cases they would say we don't consider the employers reason for acting as part of the plaintiffs on the facial burden they changed and more importantly this court adopted the requirement in the Gunderson case that consideration of the employers legitimate non-discriminatory reason is part of the plaintiffs case and that's why this honest belief rule which is just presenting the jury with the employers legitimate non-discriminatory reason as an alternative to retaliation is an appropriate instruction as part of the plaintiffs case if they acted because of reason X anything other than retaliation that's what matters whether it's eye color or hair color or an attendance policy or belief of a policy violation if that's what I acted then there's no retaliation which is what Armstrong said now the frost case that came up it frankly got wrong most of what I just said but it's important to remember too that this court unlike the Ninth Circuit has squarely adopted the honest belief rule as I said and it also said in that opinion that it disagreed with the decisions of this court and the Seventh Circuit so for that reason alone I don't think we would want to place too much weight on to the Ninth Circuit decision here and then when the court was talking about the based on language you know they didn't raise any discussion about the specific objections issue that I raised but also they didn't look at the instructions as a whole you know they focused laser-like in on that instruction and as I've just walked through you know if you only look at that one sentence then then certainly you know I would understand the argument but it's not that one sentence it's that one sentence as part of the set of instructions that has a clear instruction about what it takes to prove retaliation and 16 and then the the employers position the flip side and 17 and then as I said 19 puts it all together the I think the only other point that I wanted to cover very briefly is as I understand if there's an objection to the wording of the second paragraph in instruction 16 about where the phrase intentionally retaliated was placed and we've said this in our brief and I'll just repeat it here briefly that that language tracks the language in this court's opinion in the first case the court said under Kodak a jury must find intentional retaliation prompted prompted at least in part by the protected activity and so that's that's tracking I mean not word for word but each concept is in the same order as it is in this instruction so there could not be any problem with this instruction and moreover and the reason the court probably said it that way in your opinion judge Malloy is that's what the it tracks the language of this court's opinion and the statute so there's no issue with that so I'll just come to a close here by by saying that you know this court has numerous opinions where it emphasizes that you look at the instructions as a whole and when you look at these instructions as a whole this case it was fairly presented to the jury the plaintiff had the ability and did argue under 16 that showing any amount of retaliation was sufficient to prevail judge Boo instructed the jury based on a case from the Seventh Circuit that used for the material part the identical language and mr. Blacker be you know as we've heard is this case is seven years old mr. Blacker be received as your honor pointed out at the beginning is he wasn't fired he received a essentially a probation that was removed and by the way the reason it wasn't removed the record shows earlier than the lawsuit being filed is because the Union reported that they did not want to remove it just yet because mr. Blackman might be following a lawsuit and that's why the timing of it was such that it wasn't removed until after the lawsuit was filed and we've been back once the instruction here is in no way like the instruction that the court reversed on in the beginning where there was a direct instruction contrary to what this court had said in Kodak this is an instruction that and there was no other instructions they could get around that in the first case this is one that is at least in the good enough category as the Seventh Circuit said it wasn't pristinely worded but it was was sufficient and when you combine that with the other instructions it is more than sufficient under this courts numerous cases on jury instructions to uphold the judgment and again I'll urge you to look at judge whose explanation for all of that in his opinion on the motion for judgment doesn't matter Paul and we're asking the court to affirm it thank you your honors how much time does he have almost six minutes and here I was worried I was gonna use all my time I'll just make a couple of quick points certainly from our perspective we don't believe that honest belief and business judgment rule instruction should have been given at all but for the sake of argument let's say that the court finds that they should be given in an FRSA case there's two things to point out from the charge conference in that the district court stated the reason it was going to give these instructions the honest belief and the business judgment rule was based on the Armstrong case and based on Walker which is from this circuit now again Armstrong that instruction only as to whether plaintiff and engaged in protected activity so as that was not an issue in this case that was an improper reliance on Armstrong and it was an improper to bring that instruction to the case the other thing is that in Walker this court made very clear that while an employer has the right to make business decisions for example in Walker they cited to sign work to change an employee's duties to refuse to assign a particular job and to discharge the Walker court stated an employer can do this for good reason bad reason or no reason absent and this is important intentional age discrimination and that's what was the Pete that was the piece that was missing from this instruction there was no direction to the jury to consider how the conduct of BNSF applied to the law they were simply given a complete out if the jury found that BNSF believed that mr. Blacker be violated this rule unless there's any questions thank you very much thank you for your arguments the case is submitted you may stand aside would you call